**Opinion issued May 19, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00308-CR

————————————

**VINCENT TROY MALONE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1607699**

---

**MEMORANDUM OPINION**

Appellant Vincent Troy Malone pleaded guilty to the felony offense of attempted assault of a public servant in exchange for the State's agreement to abandon enhancements and reduce the charge from assault to attempted assault of a public servant. TEX. PENAL CODE § 22.02. In accordance with the terms of the plea-bargain agreement, the trial court entered a conviction for the offense of assault on

a public servant and sentenced appellant to two years in the State Jail Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea-bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).